UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAQUILA HENDRIX,

        Plaintiff,

v.                                                                                                    Case No. 10-14462
                                                                                  Honorable Denise Page Hood
COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____/

**<u>ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION, GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT, AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>**

      This matter is before the Court on Magistrate Judge R. Steven Whalen's Report and Recommendation **[Docket No. 16, filed March 3, 2012]**. Plaintiff Taquila Hendrix filed a motion for Summary Judgment on February 17, 2011 **[Docket No. 10]**. Defendant Commissioner of Social Security filed a cross motion for Summary Judgment on May 25, 2011 **[Docket No. 14[**. The Magistrate Judge recommends that Plaintiff's motion for summary judgment is denied, Defendant's motion for summary judgment is granted, and the action is dismissed. Plaintiff filed an objection to the report and recommendation on March 15, 2012 **[Docket No. 17]**.  The Court has reviewed the matter and finds that the Magistrate Judge came to the correct conclusion for the proper reasons and **ACCEPTS** and **ADOPTS** the Magistrate Judge's report and recommendation.

      When examining a Magistrate Judge's Report and Recommendation, 28 U.S.C. § 636 governs the standard of review. This Court "shall make a de novo determination of those

1

portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

Judicial review of the Commissioner's decision is limited to determining whether the findings of fact made by the Commissioner are supported by substantial evidence and whether the Commissioner used the proper legal criteria in reaching the conclusion. *Garner v. Heckler*, 745 F2d 383 (6th Cir. 1984). "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brainard v. Sec. of Health and Human Serv.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a *de novo* review, resolve conflicts in the evidence, or decide issues of credibility. *Garner*, 745 F.2d at 787. Therefore, the administrative law judge's ("ALJ") credibility findings should not be discarded lightly and must be accorded great deference. *Hardaway v. Sec. of Health and Human Serv.,* 823 F.2d 922, 928 (6th Cir. 1987). A finding of substantial evidence must be based on the record as a whole. *Gardner,* 754 F.2d at 388. The Commissioner's decision must be upheld if it is supported by substantial evidence even if the record might support a contrary decision. *Smith v. Sec. of Health and Human Serv.*, 893 F.2d 106, 108 (6th Cir. 1989). The decision must be affirmed even if the Court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

The Magistrate Judge found that there was substantial evidence to support the ALJ's decision and that the August 18, 2009 assessment was irrelevant to Plaintiff's present claim. Plaintiff makes several objections to the Magistrate Judge's findings and recommendation. First, Plaintiff argues that the Magistrate Judge failed to cite to any medical evidence. Plaintiff takes

particular issue with the Magistrate Judge's conclusion that "Plaintiff was able to work, shop, attend college and travel past the alleged onset date" [Docket No. 16, p. 20]. The Magistrate Judge cited to the medical evidence throughout the report and recommendation. Plaintiff's own testimony indicated that she shopped, attended college, and travelled after the alleged onset date. Plaintiff's testimony also indicated that she worked 12-hours per day, three days per week, for two months in 2008. These portions of the transcript are cited in the Magistrate Judge's findings of fact. The Magistrate Judge made his findings based on the whole record. The Magistrate Judge nor this Court is required to discuss every piece of evidence. *See Anderson v. Bowen*, 868 F.2d 921, 924 (7th Cir.1989) ("a written evaluation of every piece of testimony and submitted evidence is not required").

Plaintiff contends the Magistrate Judge's finding of some evidence does not equate to the requisite substantial evidence. She argues that the Magistrate Judge's conclusion that Plaintiff's depression and anxiety disorder were not severe impairments was not within the "zone of choice" accorded to the ALJ because there was no evidence negating their existence. Plaintiff further contends that the ALJ's failure to request a mental consultative examination, prepare a residual functional capacity assessment or a psychiatric review technique shows that he did not base his findings on substantial evidence.

Plaintiff's objection lacks merit. She bears the burden to prove that she is disabled and entitled to benefits. 20 C.F.R. § 404.1512(a) ("In general, you have to prove to us that you are blind or disabled. Therefore, you must bring to our attention everything that shows that you are blind or disabled.") Plaintiff's failure to bring sufficient evidence to support her allegations that she experienced severe mental impairments does not take that determination out of the ALJ's "zone of choice." *See Mullen*, 800 F.2d at 545 (noting that "there is a zone of choice within

3

which decisionmakers can go either way, without interference by the courts"); *see also Smith v. Astrue,* No. 08-180-DLB, 2009 WL 4930893, *3 (E.D. Ky. Dec. 15, 2009) ("It is the duty of the ALJ to evaluate the totality of the objective medical record, weigh the evidence, and resolve any inconsistencies in the record.") The Court must uphold the ALJ's decision unless it is not supported by substantial evidence. *See Garner*, 745 F2d 383. The ALJ's decision that Plaintiff's mental impairments were nonsevere is supported by substantial evidence. Plaintiff did not indicate that she was substantially limited in concentration, focus, cognition or memory, or any limitations in activities of daily living. In fact, the medical record showed limited treatment for mental impairments and no other indicators of severity. The medical record coupled with Plaintiff's own admissions are consistent with the ALJ's finding that Plaintiff's depression and anxiety disorder were not severe and would not pose any significant hindrance to Plaintiff's ability to engage in full-time employment.

Plaintiff further argues that the ALJ failed to properly evaluate Plaintiff's carpal tunnel syndrome, polyneuropathy, and migraine headaches. She also alleges that the ALJ failed to properly account for Plaintiff's weight gain in her physical and mental residual functional capacity assessments. Plaintiff also took issue with the Magistrate Judge's conclusion that review of medical records included at pages 669 through 756 would not have changed the ALJ's decision because those records support a finding of chronic severe headaches.

It is apparent that the Plaintiff hopes that the Court will conduct a *de novo* review of the entire record and render a decision in her favor. The Magistrate Judge found that the ALJ's findings were supported by substantial evidence and the Court agrees. The ALJ considered Plaintiff's carpal tunnel syndrome, neuropathy, migraine headaches, and weight gain when determining that Plaintiff was able to perform work at a sedentary level with some exertional

limitations. Although Plaintiff alleged that she must elevate her legs throughout the day, required daily naps, and could not sit for prolonged periods, the ALJ found that the medical record, including the opinions of various treating sources, did not support her allegations. Also, considering the above noted transcript portions would not have changed that the ALJ's decision was based on substantial evidence and Plaintiff still has not explained how it would.

Plaintiff argues that the evidence submitted after the administrative decision was pre-dated the August 18, 2009 administrative decision. The treating physician's evaluation provides that he has treated her since 2002. It does not specifically indicate that the evaluation is regarding treatment prior to the August 18, 2009 administrative hearing. Regardless of whether the physician's evaluation encompasses Plaintiff's condition prior to the administrative hearing, Plaintiff has not shown good cause for her failure to submit the evaluation. The Court may remand to allow the Commissioner to reopen the administrative record and consider new and material evidence that for good cause was not previously presented into evidence. *See* 42 U.S.C. § 405(g). Plaintiff has the burden of showing that the evidence is both new and material and that there is good cause for her failure to present it. *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483 (6th Cir. 2006). Evidence is new if it was not in existence or available during the administrative hearing and material if there is a reasonable probability that such evidence would have caused the Commissioner to reach a different conclusion. *Id.* at 484. Plaintiff has made neither showing. As stated by the Magistrate Judge, Plaintiff's remedy is to file a new claim for benefits. *Sizemore v. Sec. of Health and Human Sers.*, 865 F.2d 709, 712 (6th Cir.1988).

**IT IS ORDERED** that Magistrate Judge's Report and Recommendation is **ACCEPTED AND ADOPTED [Docket No. 16, filed March 3, 2012]** as this Court's findings.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment **[Docket No. 14, filed May 25, 2011]** is **GRANTED** and Plaintiff's Motion for Summary Judgment **[Docket No. 10, filed February 17, 2011]** is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:   March 28, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 28, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager
